CITY NATIONAL BANK v. GOEBEL.

4-3681

Opinion delivered February 4, 1935.

*James B. McDonough*, for appellant.

*Jas. Seaborn Holt*, for appellee.

McHANEY, J. Appellee brought this action against J. W. Young, Mary L. Young and the City National Bank to foreclose a mortgage executed by the Youngs dated, November 1, 1930, to secure four $1,000 notes of the same date, due and payable three years after date with interest from date at 6 per cent., payable semi-annually and payable to the City National Bank, agent. These

notes were assigned by appellant without recourse, one
to appellee and three to other purchasers, all of whom
were made parties defendant to this action. The mort-
gage covered three separate pieces of property in the
city of Fort Smith. In addition to alleging the execution
of the notes and mortgage by the Youngs, that they were
past due, and that default had been made in both princi-
pal and interest, the complaint alleged as a ground for
making appellant a party that on or about November 4,
1930, it negligently, carelessly and fraudulently, and
without the knowledge or consent of the appellee, took
$1,000 of the money which she had on deposit with it
and invested same in one of appellant's own notes, being
the note sued on executed by the Youngs. She further al-
leged that she did not know until about thirty days be-
fore the bringing of her suit that said note had been pur-
chased for her, and that same was not turned over and
delivered to her until about said time. In addition to the
prayer for the foreclosure of the mortgage, she prayed
that, in event the proceeds from the sale of the property
should be insufficient to satisfy the amount due her on
said note, she have judgment against appellant for
any deficiency. Issue was joined on this complaint as to
it by appellant, the makers of the notes not having ap-
peared or made answer to the complaint. Trial resulted
in a decree of foreclosure as against the Youngs for the
amount of the notes and accrued interest. The court fur-
ther decreed, however, that, should the proceeds from the
sale of the property covered by the mortgage fail to
amount to a sum sufficient to pay the judgment, includ-
ing interest and costs, "the City National Bank be
and is held bound and liable to her for any such deficiency
judgment or any loss that she may sustain thereby."
Appellant has appealed from that part of said decree
holding it liable for any deficiency between the sale price
and the judgment.

We think the court erred in so holding. The facts
are that the note held by appellee dated November 1,
1930, is a renewal note. The original loan to the Youngs
was made in 1926 and was a loan for $3,000, secured by a

mortgage covering two pieces of property. One of these notes was purchased by appellee in 1927. This loan was renewed in 1928 for a period of two years, and appellee continued to be the owner of one of these notes for $1,000. It was renewed again November 1, 1930, at which time the loan was increased to $4,000, and an additional piece of property was included in the mortgage. Appellant collected the interest on the note held by appellee semi-annually from the time she purchased the original note until default was made in the payment of interest in 1932, and credited same to her account regularly and sent her notice thereof promptly thereafter. The undisputed evidence shows that appellant had been making investments for appellee from October 1, 1925, down to and including the note in controversy, with appellee's knowledge and consent. Appellant introduced a copy of a letter which it wrote appellee dated October 31, 1927, reading as follows: "We have this day credited your savings account with $30 in payment of interest on the J. W. Young note for $1,000 for six months and herewith enclose duplicate deposit ticket for same."

It is undisputed that the note in controversy is a renewal of a former note owned by appellee, and that the bank did not take a $1,000 of her money to purchase the note in controversy dated November 1, 1930, and there is no proof in this record that appellant acted "negligently, carelessly and fraudulently" in either making the original loan for her account or in renewing same. The preponderance of the evidence shows that at the time the loan was originally made the value of the property covered by the mortgage was amply sufficient to secure same, and that Mr. Young, the maker of the note was entirely solvent. It is true that the value of the property covered by the mortgage has now depreciated, but its present assessed value is nearly equal to that of the debt, and the preponderance of the evidence shows that its actual value is largely in excess of the debt. All that the law requires of an agent intrusted with the duty of investing money for his principal is the exercise of due care and good faith. The rule is correctly stated in *Watson* v. *Fagner*, 208 Ill. 136, 70 N. E. 23, as follows:

276

"Where a banker acts as agent or trustee for his depositor, without compensation, investing his money and collecting the same, he is bound to exercise ordinary care and diligence in the performance of the duties which he assumes, and a failure to observe such ordinary care and diligence will make him responsible for any loss resulting from such failure."

Here there is no proof of any negligence, carelessness or fraudulent conduct, but, on the contrary, the proof shows that appellant acted with due care. The note was assigned to appellee by appellant without recourse, and it is not an insurer against loss.

The judgment will be reversed, and the cause remanded with directions to dismiss the complaint against appellant, and for further proceedings not inconsistent with this opinion.